IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| David Earl Watts,            )  | Civil Action No. 4:12-cv-03559-TLW |
|                              )  | Criminal No. 4:08-cr-372-TLW |
|         Petitioner,          )  | |
|                              )  | |
|    vs.                       )  | ORDER |
|                              )  | |
| The United States of America,)  | |
|                              )  | |
|         Respondent.          )  | |
|                              )  | |

      This matter comes before the Court for consideration of the *pro se* Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 filed by the Petitioner, David Earl Watts ("Petitioner"). (Doc. #874).  Petitioner went to trial and on April 22, 2009, a jury returned a verdict finding Petitioner guilty to Count One of the indictment. (Doc. #535). Count One charged Petitioner with Conspiracy to Possess with the Intent to Distribute and to Distribute more than 500 grams of a Mixture Containing a Detectable Amount of Methamphetamine, a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. (Doc. #744). A sentencing hearing was scheduled for February 5, 2010, at which the Court determined the advisory guideline range, before departures, to be a total offense level of 42 with an imprisonment range of 360 months to life. (Doc. #756). After considering the sentencing guidelines and relevant statutory factors, the Court sentenced Petitioner to a total term of 360 months.  (Doc. #755).  Petitioner filed an appeal, (Doc. #761), and the Fourth Circuit Court of Appeals affirmed, (<u>see</u> Doc. #829-1).

      Petitioner filed the present action on December 17, 2012, alleging two grounds of ineffective assistance of counsel. First, Petitioner claims that his trial counsel, Kathy Elmore ("Elmore"), did not tell him about a proffer statement that co-defendant James Haithcock

1

("Haithcock") had given to law enforcement ("Proffer Statement") and that was introduced by the Government during its cross-examination of Haithcock. (Doc. #874 at 4). Petitioner contends that had he known about this statement, he would have pleaded guilty prior to trial. Second, Petitioner claims that his trial attorney failed to file a motion for severance despite knowing that Haithcock planned to raise a defense inconsistent with Petitioner's claim of innocence. Elmore submitted an affidavit in response to Petitioner's § 2255 motion. (Doc. #881).

The United States of America ("Government") filed a response in opposition to all grounds and moved for summary judgment. (Doc. #885). Petitioner filed a timely response in opposition to the Government's motion. (Doc. #825). In addition, Petitioner filed a Motion for Evidentiary Hearing. (Doc. #896). The matter is now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which the prisoner may claim such relief: (1) that the court imposed the sentence in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence exceeded of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). The Leano court noted that this standard is "the proof needed to allege a

2

constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government filed a response and moved for summary judgment as to all grounds raised by Petitioner. (Doc. #885). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Once the moving party meets its responsibilities by making and supporting a motion for summary judgment under Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 323. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who

fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which element that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23.

## ANALYSIS OF CLAIMS

Petitioner asserts two grounds for relief based on alleged ineffective assistance of trial counsel, Kathy Elmore. In ground one, Petitioner claims that Elmore did not tell him about a proffer statement that co-defendant James Haithcock had given to law enforcement and that was introduced by the Government during its cross-examination of Haithcock. (Doc. #874 at 4). Petitioner contends that had he known about this statement, he would have pleaded guilty prior to trial. In ground two, Petitioner claims that his trial attorney failed to file a motion for severance despite knowing that Haithcock planned to raise a defense inconsistent with Petitioner's claim of innocence.

To prevail on a claim of ineffective assistance of counsel, a petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficiencies prejudiced the Petitioner's defense to the extent that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687-692 (1984). A petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of

the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance…." Id. at 689. The first inquiry – whether counsel's performance was deficient – may be bypassed if the claim is more easily disposed on lack of prejudice grounds. Id. at 697. Based upon the record before the Court and for the specific reasons set forth below, the Court concludes that neither of Petitioner's ineffective assistance claims should survive summary judgment.

**Proffer Statement**

In support of his first ineffective assistance of counsel claim, Petitioner asserts that his attorney failed to share with the him the Proffer Statement of his codefendant and that had his attorney shared the statement, Petitioner would have pleaded guilty. (Doc. #874 at 4, 874-2). However, Haithcock's Proffer Statement was not introduced by the Government as part of its case-in-chief; rather, Haithcock himself first mentioned the statement during direct testimony. (Doc. #884-1 at 5). In addition, Haithcock was subject to cross examination about his statement when he took the stand. (See Docs. #704 at 228-229, 885-1 at 4). As well, Haithcock's testimony did not emphasize Watt's involvement in the drug conspiracy (Doc. #885-1 at 4). Furthermore, as the Government's motion notes and as Petitioner was aware, the evidence against the Petitioner was overwhelming and included the testimony of more than two dozen witnesses, nine of whom testified that they had bought or received methamphetamine from the Petitioner, and three of whom testified that Watts personally taught them how to manufacture methamphetamine. (See Doc. #885-1 at 5). This testimony amounted to several hundred pages of evidence at trial. (See Docs. #698-705). Finally, Elmore's affidavit notes that the Government renewed its plea offer to Petitioner at trial; nonetheless, Petitioner failed to plead guilty even following introduction of the proffer statement at trial. (See Doc. #881). Based on the record

before it, the Court does not conclude that the prospect of admission of Haithcock's proffer at trial establishes a reasonable probability that, but for counsel's conduct, the result of the proceeding would have been different. There is no evidence to conclude Petitioner would have pleaded guilty if this statement had been available earlier or that Petitioner had any intention of pleading guilty at any point. Stated simply, this claim is not a basis for relief. Thus, Petitioner's claim of ineffective assistance of counsel based on these facts is without merit.

**<u>Severance</u>**

Petitioner next asserts that his counsel was ineffective in failing to seek severance at trial. (Doc. #874 at 5). It is well settled that "barring special circumstances, individuals indicted together should be tried together." <u>U.S. v. Brugman</u>, 655 F.2d 540 (4th Cir. 1981). When defendants are properly indicted together, severance is rare and "generally is granted only when 'there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" <u>United States v. Dinkins</u>, 691 F.3d 358, 368 (4th Cir. 2012) <u>cert. denied,</u> 133 S. Ct. 1278, (2013). Petitioner has not shown evidence that any such special circumstances existed or that his trial counsel knew of any such circumstances, and thus Petitioner has failed to show that his trial counsel's conduct fell below an objective standard of reasonableness. There was simply no basis for severance in this case. A codefendant (Haithcock) sought severance, which was denied. (Doc. #885-1). Furthermore, in light of the significant evidence against Petitioner, Petitioner's conviction was likely with or without severance. Thus, Petitioner fails to establish that he was prejudiced by counsel's decision not to move for severance. In summary, Petitioner's claim of ineffective assistance of counsel based on these facts is without merit.

6

## **CONCLUSION**

The Court has carefully considered the filings, record, and relevant law, and for the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255, (Doc. #874), and Motion for Evidentiary Hearing, (Doc. #896), are **DENIED**. The Government's motion for summary judgment, (Doc. #885), is **GRANTED**; and this action is **DISMISSED** with prejudice.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten_____
TERRY L. WOOTEN
United States District Judge

May 1, 2014
Columbia, South Carolina